DAVID A. MARTIN *vs.* WILLIAM R. JEWELL, and A. H. LARRIMORE, Constable.

*What Estate may not be sold under a Fieri Facias—When Equity will interfere by Injunction to prevent a Sale.*

A debtor's equitable estate in personal property, cannot at law be seized and sold under a *fieri facias.*

On the 31st of January, 1867, J. obtained before a Justice of the Peace, two judgments against S., upon which executions were issued on the 12th of December of the same year. These executions were returned, and writs of *vendi* issued on the 19th of June, 1868. Under these writs certain personal property, included in a mortgage from S. to M., dated the 29th of November, 1867, and recorded the same day, and a crop of wheat growing on the farm of M., of which S. was the tenant, were advertised to be sold on the 6th of July, 1868. By an agreement between S. and M., dated the 2nd of December, 1867, M. was entitled to one-half of this crop by way of rent, and the interest of S. in the other half was mortgaged to him on the 20th of March, 1868. The agreement of rent was modified on the 7th of April, of the same year by another agreement between the parties, which provided that the proceeds of the entire produce of the farm should be paid to M., and the crops of every sort should be shipped and sent to market in his name, to the end that he might be first paid as well his rents therefrom, as also all moneys advanced by him, and all accounts for provisions, machinery, teams, labor, property and matters of every sort, furnished by him

to S. Upon a bill filed by M. against J., and the constable who advertised the property for sale, praying that the defendants might be restrained from selling the property, and that the judgments and executions might be set aside as null and void, it was HELD:

That the complainant had no such interest in the judgments as to justify him in asking a Court of Equity to set them aside, but that he was entitled to an injunction to restrain the sale of the property.

APPEAL from the Circuit Court for Talbot County, in Equity.

The facts of the case are sufficiently stated in the opinion of the Court. The grounds of the defendants' demurrer to the bill of complaint were, that the complainant had not stated a proper case for the relief sought, and that he had an adequate remedy at law.

The cause was argued before BARTOL, C. J., BOWIE, BRENT and ALVEY, J.

*Alexander Randall,* for the appellant.

This is an application by a mortgagee of personalty, to restrain an officer from selling at a most ruinous season the *equitable* interest of the mortgagor in an undivided and ungathered crop, and in farming implements and cattle indispensable to the saving of the crop, under executions issued upon *void* judgments, rendered illegally and without consideration, against the mortgagor. Equity will interfere in such a case to prevent the certain and irreparable damages which would result to the complainant under such a forced sale. It is not necessary to allege in words that the damage would be irreparable. *Davis, et al. vs. Reed,* 14 *Md.,* 156.

The defendant in the execution was the complainant's tenant, to whom he had leased his estate for the year, and the forced sale of the equitable interest would have destroyed the complainant's chance for any crop for the year. It would have vested in a multitude of purchasers

a claim to seize property already conveyed to the complainant, and must inevitably have involved him in contentions and losses. *Shipley vs. Ritter, et al.,* 7 *Md.,* 413 ; *McCreery vs. Sutherland,* 23 *Md.,* 471.

The defendants were attempting to sell an *equitable estate in personalty,* under an execution at law, which was illegal. *Rose and Gauss vs. Bevan, et al.,* 10 *Md.,* 470 ; *Harris and Chauncey vs. Alcock,* 10 *G. & J.,* 251. The judgments upon which the executions were issued were *void,* as admitted by the demurrer. *Code of Pub. Genl. Laws, Art.* 51, *sec.* 13 ; *Clark & Jackson vs. Bryan & Lunt,* 16 *Md.,* 171 ; *Glenn vs. Rogers,* 3 *Md.,* 321 ; 1 *Rob. Prac.,* 383. And in such cases equity will interfere by injunction. *Dilley vs. Shipley, et al.,* 4 *Gill,* 48 ; *Brumbaugh vs. Schnebly,* 2 *Md.,* 321 ; *Clark & Jackson vs. Bryan & Lunt,* 16 *Md.,* 171.

The judgments were rendered before any debt was due by the defendant therein to the plaintiff, and the complainant, being neither a party nor privy to the judgments, can interpose this defence.

An injunction will be granted where peculiar circumstances of hardship seem to require it. *White vs. Flannigain,* 1 *Md.,* 543 ; *Little vs. Price,* 1 *Md. Ch. Dec.,* 185 ; *Brown vs. Stewart,* 1 *Md. Ch. Dec.,* 87 ; *Kent vs. Ricards,* 3 *Md. Ch. Dec.,* 393 ; *Iglehart vs. Mayer,* 4 *Md. Ch. Dec.,* 514 ; *Parsons vs. Hughes,* 12 *Md.,* 5.

The complainant had no adequate remedy at law.

1st.—He could not have appealed from the judgments, not being a party thereto, and had no notice of their existence until the advertisement.

2nd.—He had no right to maintain *replevin,* since his mortgages had not become due. And he would have been obliged to resort to a multiplicity of suits against the numerous purchasers.

3rd.—A suit on the officer's bond would have afforded no remedy. The property would have been scattered,

and a recovery would only be to the extent of the sales, while the injury to the complainant would have been infinitely greater than the price the property would have brought.

*Philip F. Thomas,* for the appellees.

The Court were right in passing the order for the dissolution of the injunction:

*First.*—Because the appellant, if entitled to relief at all, had a full, complete and adequate remedy at law by an action of trespass against the officer making the levy and sale, or of replevin after a sale of the property; and such being the case, a Court of Equity will not interfere to arrest or set aside the proceedings of a Court of Law or other judicial tribunal, upon the ground of legal error therein, unless prompted by conscience, to prevent wrong and injustice; but leaves the party to his remedy at law. *Williams vs. West's Admrs.,* 2 *Md.,* 174; *Fowler vs. Lee,* 10 *Gill & JohCs.,* 363, 364; *Little vs. Price,* 1 *Md. Ch. Dec.,* 185; *Methodist Protestant Church vs. Mayor, &c., of Baltimore,* 6 *Gill,* 402; *Richardson, et al., vs. Mayor and City Council of Baltimore,* 8 *Gill,* 439; *Brumbaugh vs. Schnebly,* 2 *Md.,* 320.

*Second.*—Because the appellant has not set out in his bill such a case as entitles him to the relief prayed for. A Court of Equity has no jurisdiction, and will not intervene by injunction to restrain a mere trespass to real estate, and much less to personal property; to justify the allowance of an injunction, it must be auxiliary to the general relief sought by the bill; or to prevent fraud; or in a case where full and adequate relief cannot be granted at law; or where the trespass goes to the destruction of the property as it has been held and enjoyed; or where it is necessary to prevent multiplicity of suits in cases where the right is controverted by numerous persons, each standing on his own pretensions. The bill in this case

alleges none of these grounds of relief, but prays for the writ of injunction solely for the reason that the judgments are void for want of jurisdiction by the justice of the peace who rendered them, because they were between the same parties, entered on the same day, and for an amount above one hundred dollars. *Amelung vs. Seekamp*, 9 *G. & J.*, 472, 473, 474 ; *White vs. Flannigain*, 1 *Md.*, 543, 544, 548; *Ches. and Ohio Canal Co. vs. Young*, 3 *Md.*, 489 ; *Lewis vs. Levy*, 16 *Md.*, 85 ; *Freeland, Hall & Co. vs Reynolds*, 16 *Md.*, 416 ; *Hyde, et al. vs. Ellery, et al.*, 18 *Md.*, 497 ; *McCreery vs. Sutherland*, 23 *Md.*, 470.

BRENT, J., delivered the opinion of the Court.

The object of the bill filed in this case by the appellant, is to obtain an injunction prohibiting a sale of certain personal property by a constable. Upon demurrer to the bill the Court passed an order dissolving the injunction which had been previously granted, and from that order the present appeal is taken.

The material facts and averments, to which it is necessary to refer, are as follows : The appellee, Jewell, on the 31st of January 1867, obtained before a justice of the peace two judgments against a certain David S. Smith, upon which executions were issued on the 12th of December of the same year. These executions were returned, and writs of *venditioni exponas* issued on the 19th of June 1868. Under these writs certain personal property, included in a mortgage from Smith to the appellant, dated the 29th of November, 1867, and recorded on the same day, and a crop of wheat growing on the farm of the appellant, which was tenanted to Smith, were advertised to be sold on the 6th of July, 1868. By an agreement between Smith and the appellant, dated the 2nd of December, 1867, the appellant was entitled to one-half of this crop of wheat by way of rent, and the interest of Smith in the other half was mortgaged to him on the

20th of March, 1868. The agreement of rent was modified on the 7th of April of the same year by another agreement between the same parties providing "that the proceeds of the entire produce of the farm shall be paid to Martin, and the crops of every sort shall be shipped and sent to market in his (Martin's) name, to the end that the said Martin may be first paid as well his rents therefrom, as also all moneys advanced by him, and all accounts for provisions, machinery, teams, labor, property and matters of every sort furnished by him to the said David S. Smith." It is also alleged that the judgments under which these executions were issued are illegal and void.

We do not think the judgments referred to can be called in question by this appellant. He has no such interest in them as can justify him in coming into a Court of Equity, and asking that they may be set aside. They are entirely between Smith and Jewell, and he, the appellant, is not in any manner liable under them.

He is however interested in the property which was advertised under the writs issued upon them, and over this question as presented by his bill a Court of Equity has ample jurisdiction to grant relief. All the property advertised to be sold, except the crop of wheat, is included in the mortgage of November, 1867. In this property Smith, the defendant in the judgments, had only an equitable interest when the executions of December, 1867, were issued, and it is well settled that a debtor's equitable estate in personal property cannot at law be seized and sold under a *fieri facias*. *Rose & Gauss vs. Bevan,* 10 *Md.,* 470; *Harris and others vs. Alcock,* 10 *G. & J.,* 251. In the latter case the mode by which a creditor may pursue such interest of his debtor is very clearly and distinctly pointed out. The entire growing crop of wheat was also advertised for sale. The appellant by the terms of the tenancy was equally interested in it with Smith,

Martin *vs.* Jewell, *et al.*

who by the agreement of December was to gather and secure it in proper time, put it in good condition and order for market, and ship it at such times as the appellant Martin might direct.

If the property levied upon had been sold as advertised, we do not think the appellant could have been compensated at law. It would have broken up his tenant Smith, and destroyed his means of making a crop, in which this appellant had an interest of one half. It would have involved him in numerous law suits and long delays, and effectually prevented his tenant from carrying out the terms of his tenancy. Although the bill does not aver "irreparable injury," the facts, gathered from it and the accompanying exhibits, are sufficient to show, that such would be the result, if the relief asked for is refused. The stock and farming utensils would have been sold at a season when most needed, and without authority of law. The interest of the tenant in the growing crop of wheat would have passed into other hands, and he could not, even if willing, have so controlled and managed its preparation for market as to have carried out and complied with the obligations into which he had entered. These would have entailed losses upon the appellant, which would have been so speculative and uncertain, that they could not have been estimated in a Court of law with any sufficient degree of accuracy.

In our opinion the averments of the bill entitle the appellant to an injuncton. The order dissolving it will therefore be reversed, and the case remanded for further proceedings.

*Order reversed*
*and cause remanded.*

(Decided 21st February, 1873.)