# MARYLAND REPORTS.

## APRIL TERM, A. D., 1892.

WILLIAM S. TAYLOR, JR. and T. KELL BRADFORD *vs.*
DWIGHT D. MALLORY, and others.

*Injunction to Restrain enforcement of Judgment.*

A bill alleged that M. had made a deed of trust for the benefit
of his creditors, and that the complainants had become sureties
on his bond for the faithful performance of his duties; that
the wife of M. had filed fraudulent claims against the trust
estate; that by the fraud and collusion of the trustee and M.
and wife these claims were allowed; that the trustee failed to
pay to the wife the money allowed to her in the auditor's
account; that M. and wife brought suit on the trustee's bond,
and judgment was rendered against the complainants and the
trustee, and the same was affirmed on appeal; that the judg-
ment was entered to the use of D., and he had brought suit
against the complainants and the sureties on the appeal bond;
that the trustee had departed from the State, and no longer
resided therein. It was further alleged that M. and wife had
permitted the trustee to take and use the trust funds and mis-
appropriate them. The prayer of the bill was for an injunction
to restrain D. and M. and wife from taking any steps, by suit
or otherwise, to enforce the judgment against the complainants,
and for general relief. HELD:

That the statements in the bill did not entitle the complainants to
relief in a Court of equity.

APPEAL from the Circuit Court of Baltimore City.

v. 76

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Joseph P. Merryman*, (with whom was *Julian I. Alexander*, on the brief,) for the appellants.

*Alfred S. Niles*, (with whom was *Robert H. Smith*, on the brief,) for the appellees.

BRYAN, J., delivered the opinion of the Court.

William S. Taylor, Jr., and T. Kell Bradford filed a bill in equity against Dwight D. Mallory, Oliver W. Miller, and Elizabeth H. Miller, his wife. It was alleged that Miller had made a deed of trust to John H. Handy for the benefit of his creditors, and that the complainants had become sureties on his bond for the faithful performance of his duties, and that the Circuit Court of Baltimore City, duly assumed jurisdiction of the administration of the trust. It was further alleged that, Mrs. Miller had filed certain fraudulent claims against the trust estate; and that she and her husband had employed Handy, the trustee, as their attorney to prosecute these fraudulent claims, and that he prosecuted them until the creditors who opposed them withdrew their objections and permitted an auditor's account to be ratified and confirmed, which allowed them. It was further alleged that the allowance of the claims and the order of the Court ratifying the auditor's account with respect to them, were obtained by the fraud and collusion of Handy and Miller and his wife, for the purpose of defrauding the creditors of the said Miller and the complainants; and that Handy failed to pay to Mrs. Miller the money allowed to her in the auditor's account; and that, in a suit on the trustee's bond against Handy and

Taylor and Bradford *vs.* Mallory, *et al.*

the complainants a judgment was rendered against the defendants; and that on appeal it was affirmed by the Court of Appeals; that the judgment was entered to the use of Mallory, and that he has brought suit against the complainants and the sureties on the appeal bond; that Handy has departed from the State of Maryland and no longer resides therein. It was further alleged that Miller and wife had permitted Handy to take and use the trust funds and misappropriate them. The prayer of the bill was for an injunction to restrain the defendants and each of them from taking any steps, by suit or otherwise, to enforce the judgment against the complainants, and for general relief. The defendants demurred, and on hearing the bill was dismissed. The complainants have appealed.

The demurrer presents to us simply the question, whether the statements in the bill (supposing them to be true) entitle the complainants to relief in a Court of equity. Fraud is in direct antagonism to the objects for which Courts of justice are established. Whenever the law is unable to prevent or redress it, an instance is exhibited of imperfection in its powers and processes. A large portion of the jurisdiction of equity consists in its power of dealing with frauds and their consequences. While it would not be safe to say that it is able to penetrate all the disguises of deception and dishonesty, and to defeat all their machinations yet it has provided very ample means for giving relief and remedy in cases which are of most frequent occurrence, and it is continually adapting such powers as it possesses to the attainment of justice in other cases as they arise. But before any party can make a successful appeal to any tribunal, he must show that he has sustained some injury. Now, Handy's bond was responsible for the payment of all the moneys received from the trust estate, according to the distribution made by the auditor's report. It appears that the creditors received only a dividend of their

claims; if the claims had been paid in full, and a surplus had been left remaining, it would have been awarded to the grantor in the deed of trust. If Mrs. Miller's claim had been rejected and disallowed, the result would have been, that the dividend of the other creditors would have been increased; and if anything had remained after paying them in full, it would have been awarded to her husband. So the allowance of Mrs. Miller's claim does not increase the amount for which the bondsmen were liable; it only adds another person to the number of those, among whom the amount is distributed. This affects the interest of the other distributees by making their dividend smaller; but how does it concern the bondsmen? They are responsible for the amount of the trust estate which Handy received; no more, no less. We do not think therefore that the bondsmen have any claim for relief under this head. We do not see the significance of the charge in the bill, that Miller and wife "permitted the said Handy to take and use said trust funds and misappropriate them." His power to take the funds was conferred by the deed of trust; and his using and misappropriating them was the result of his own act and will, and could not be dependent on the permission of the Millers. The using and misappropriation of the money (so far as the present case is concerned) consisted in his failure to pay Mrs. Miller's claim. We do not suppose that it is intended to charge that Miller and his wife induced Handy to refuse to pay Mrs. Miller, in order that she might have an opportunity of bringing a suit against the complainants, and recovering the money from them. If this is the meaning of the bill of complaint, assuredly the charge ought to have been made in explicit terms.

The demurrer was properly sustained, and the decree must be affirmed.

*Decree affirmed, with costs.*

(Decided 7th April, 1892.)