## GEORGE R. DEBNAM

*vs.*

## OTTO G. SIMONSON, HERBERT J. WEST and THE NORMANDIE APARTMENTS COMPANY.

*Conspiracy: interference with contractual rights of others.*

Where plaintiff had communicated to an architect his intention to purchase a lot of ground, for the improvement of which he had employed the architect, a declaration that recites that the architect conspired with others and purchased the lot for themselves, but does not allege that the plaintiff had opened negotiations with the owner of the lot for its purchase, or done anything looking to the acquisition of any rights thereto, and that does not contain an allegation that but for such action on the part of the architect and other defendants, the plaintiff would have been able to purchase the lot, states no cause of action.     pp. 358-359

The mere fact that the plaintiff had suffered damage or lost an opportunity to profit financially, because of the action of the defendant in himself purchasing the lot of ground which the plaintiff had intended to acquire, gives to the plaintiff no right of action.     p. 358

For such an act to be sufficient basis for a suit for damages, it must be of a character to create an actionable wrong, and to constitute an actionable wrong, some legal right of the plaintiff must have been invaded, and invaded knowingly.     p. 358

A combination or conspiracy to commit an act that is lawful in itself, does not render the act unlawful.     p. 359

*Decided December 4th, 1914.*

Appeal from the Superior Court of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*T. Rowland Slingluff* and *A. Dana Hodgdon* (with whom was *Fielder C. Slingluff* on the brief), for the appellant.

*Roland R. Marchant* and *Henry H. Dinneen* (with whom were *Addison E. Mullikin* and *Lloyd L. Jackson, Jr.,* on the brief), for the appellees.

PATTISON, J., delivered the opinion of the Court.

The allegations contained in the amended *narr.* in this case, upon which suit was instituted by the appellant against the appellees, are as follows:

"* * * that the plaintiff, in the latter part of the year 1912, had entered into and was about to enter into certain contracts under which a company was to be organized to purchase a tract of land situate on the west side of St. Paul street near Twenty-sixth street, in Baltimore City, and to erect an apartment house thereon; and for that the plaintiff had submitted his said contracts and plans, in the fullest confidence, to the defendant, Otto G. Simonson, who was an architect in the City of Baltimore. The defendant Simonson was employed by the plaintiff to prepare a set of plans and specifications for the erection of said apartment house, and the defendant accepted said employment, and agreed with the plaintiff to accept in payment for his said services, in lieu of cash, six per cent. of the total cost of the apartment house in the stock of the corporation to be organized by the plaintiff; and the said defendant had prepared a set of plans and specifications for the plaintiff, and had given them to the

plaintiff to be used by him in completing his contracts and plans for the erection of the apartment house.

"And for that the plaintiff, with the full knowledge of said defendant, proceeded to make the necessary financial agreements to carry out said project, and was engaged for a number of weeks in perfecting the same, and had secured contracts from various persons to furnish materials and labor, and had entered into a contract to borrow sufficient moneys to fully carry out and complete said project, and was about to enter into a contract for the purchase of the said lot of ground, and was in every way prepared and ready to fully complete the said project, when he was prevented from so doing by the exertions and influence of said Simonson in the manner following, to wit: Said Simonson conspired with the defendant Herbert J. West, and said defendants interfered with and prevented the plaintiff from completing said project by maliciously, unlawfully and fraudulently betraying the trust and confidence reposed in them or some of them, as the result of their employment by the plaintiff, and purchasing, through the agency of the defendant, the Normandie Apartments Company, the tract of land hereinbefore referred to, upon which the plaintiff intended to build his apartment house, and in this way the defendants interfered with and prevented the carrying out by the plaintiff of the contracts already entered into by him, as well as the contracts about to be entered into for the purchase of said land and the erection of the apartment house thereupon.

"And for that the action of the said defendants in so conspiring together and betraying the trust and confidence reposed in them, or some of them was unlawful and in fraud of the rights of the plaintiff, and was done by said defendants for the purpose of securing gain and profit to themselves.

"And for that by the actions of the defendants aforesaid, the plaintiff has suffered great pecuniary loss and damage by being prevented from completing his said contracts and buying the lot of ground and building the apartment house thereon."

Each of the defendants demurred to this amended declaration. These demurrers were sustained by the Court below and judgment was entered thereon for defendants' costs. It is from the action of the Court in sustaining such demurrers that this appeal is taken.

The act complained of which interfered with and prevented, as alleged in the declaration, the fulfillment of the contracts already entered into by the plaintiff, and which interfered with and prevented the plaintiff from entering into other contracts which he was about to enter into, was the purchase of the lot of land by the defendants, Simonson and West, through the agency of the defendant, the Normandie Apartments Company, which lot of land the plaintiff had contemplated purchasing in carrying out his general plan, which embraced the organization of a company and the purchase of said lot by said company and the erection of an apartment house thereon.

The declaration merely states that the plaintiff "was about to enter into a contract for the purchase of said lot of ground." Not that he had entered into a contract or that he had commenced negotiations with the owner for the purchase of said land.

It is only upon the act of purchasing said lot of land that the defendants are charged with interfering with the contracts already entered into by the plaintiff or interfering with or preventing him from entering into other contracts which he was about to enter into for the furtherance of the objects aforesaid. The inability of the plaintiff to carry out the contracts said to have been entered into by him with others for financing the project and for furnishing material to be used in the construction of said apartment house is not alleged to have been the result of any direct interference with or any influence directly exerted upon the parties with whom said contracts were made, but was the result of the purchase of the said lot of land by the defendants.

One of the questions here to be considered is, was the act of the the defendants in purchasing this lot of ground, under

all the facts and circumstances of this case, an unlawful act, giving a right of action to the plaintiff to recover from the defendants for damages resulting to him therefrom, if it be shown that had it not been for such act of the defendants, the plans made by the plaintiff would have been fully consummated?

The mere fact that the plaintiff has suffered damage or has lost an opportunity to profit financially because of his failure to consummate his plans owing to the purchase of said lot of land by the defendants, does not in itself give him the right of recovery from the defendants for the damage sustained by him. The act must be of such a character as to create an actionable wrong before the right of recovery against the defendants exists, and to create an actionable wrong the legal rights of the plaintiff must in some way be invaded. There must be a violation of a legal right committed knowingly to create a cause of action. *Qnickerbocker* v. *Gardiner Dairy Co.,* 107 Md. 565; *Cumberland Glass Co.* v. *Dewitt,* 120 Md. 381; *Sumwalt* v. *Knickerbocker,* 114 Md. 403, and other cases.

What legal rights of the plaintiff in this case have been interfered with by the defendants?

As to the lot herein mentioned, it cannot be gathered from the allegations contained in the declaration that the plaintiff had any rights in respect thereto or in connection therewith superior to those possessed by any other person. Nor can it be gathered from the declaration that he ever approached the owner of the lot with the view of purchasing it or that negotiations were ever started or undertaken by him in any way with such object in view, or that he could have purchased it from the owner had he attempted to do so. The owner could at any time have sold said lot to any one without infringing upon any rights of the plaintiff, and it was certainly within the rights of the defendant West or the Normandie Apartments Company to purchase it either alone or in combination with others. This being true, the charge of combination or conspiracy found in the declaration does not

make the act of such defendants here complained of unlawful. As was said in *Sumwalt* v. *Knickerbocker*, "If the act be lawful, the combination or conspiracy to commit it, does not make the act unlawful; it does not change the character of the act."

If the defendant West or the Normandie Apartments Company could alone, or together, or in combination with others, have lawfully purchased said lot without interfering with or infringing upon the rights of the plaintiff, this is also true of Simonson, unless the act as to him be unlawful because of the disclosures made to him by the plaintiff and his employment to prepare plans and specifications for the building to be erected.

We are to consider the conduct and acts of Simonson only in respect to the legal effect they may have upon the question here involved, and in no other light. It cannot be said that the act of the defendant is unlawful in the sense that he has invaded the rights of the plaintiff, merely because the plaintiff contemplated the purchase of said land and had disclosed this fact to him, and had employed him for the purpose stated, when it is not disclosed by the declaration that he had entered into negotiations with the owner for the purchase of said lot or had done anything looking to the acquisition of any rights in respect thereto or in connection therewith.

We are cited to the case of *Lewis* v. *Bloede*, 202 Fed. Rep. 7, where the Court says: "It having been settled that an action, as for a tort, would lie for a malicious—that is wrongful—interference with the performance of an executory contract the question naturally arose whether the principle extended to a case in which a third party, with like motive and without lawful excuse, by his interference prevented one from entering into or making a contract. The answer to this question is dependent upon the answer to another which lies at the threshold of the inquiry: Does the right to enter into or make a contract come within the definition of a legal

right, the wrongful interference with which is actionable? It is difficult to say, in many cases, at what stage of a negotiation the condition has arisen when it can be said that two persons would, but for the interference of a third party, have entered into contract relations. If A makes a definite proposal to enter into a contract the character, terms, etc., of which are sufficiently definite to be capable of acceptance, and, while B is negotiating, or after he determines to accept the proposal, C maliciously interferes and prevents the acceptance on the part of B, or procures a withdrawal of the proposition by A, by reason whereof loss is sustained, can it be said that the party who is injured by such interference has sustained no legal wrong, and that by reason thereof has sustained no injury—that is loss?"

It will be seen that the opinion in that case recognizes the necessity of at least some negotiations on the part of the plaintiff looking towards the purchase of the land before it can be said that his status in respect thereto is such as will entitle him to recover against one who may in some way have interfered with or prevented him from purchasing it. In this case, as we have said, the declaration discloses no such negotiations.

In addition to what we have said, this declaration is also defective because it does not allege with sufficient clearness, if at all, that but for the alleged interference of the defendants the plaintiff would have become the purchaser of the property and would have succeeded in consummating his alleged contemplated plans or project. Such an allegation is necessary. Before he can recover it must be shown that but for that interference the purchase would have been made and his plans consummated.

Finding no error in the ruling of the Court below the judgment will therefore be affirmed.

*Judgment affirmed, with costs to the appellees.*