ERNEST P. KNOCHE et al., Surviving Members of the Co-Partnership Trading as the Central Oil Co.,

*vs.*

STANDARD OIL COMPANY OF NEW JERSEY et al.

*Civil Action for Conspiracy—Refusal to Sell.*

A civil action on the case for conspiracy lies only when some right of plaintiff is knowingly violated and damage results as the direct and proximate consequence of such violation.   p. 282

In the absence of any breach of contract or showing of fraud, no action will lie by reason of defendant's refusal to do business with plaintiff, defendant having the right to select its own customers.   p. 283

*Decided April 6th, 1921.*

Appeal from the Superior Court of Baltimore City (DUFFY. J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, ADKINS, and OFFUTT, JJ.

*Charles F. Harley,* with whom was *Howard Bryant* on the brief, for the appellants.

*Vernon Cook* and *Charles Markell,* for the appellees.

BRISCOE, J., delivered the opinion of the court.

The questions to be decided, on this appeal, arise upon demurrers filed by the plaintiff to the defendants' pleas to the plaintiffs' amended declaration. The court below held the amended declaration to be bad in substance and insufficient in law, and entered a judgment on the demurrers in favor of the defendants for costs. From this judgment the plaintiffs have taken this appeal.

Opinion of the Court.

As the principal question presented is one of pleading, and relates to the sufficiency *vel non* of the declaration, a full and correct statement of the pleadings in the case will be necessary, in reaching a proper conclusion on the record now before us. The declaration contains two counts.

The first count alleges:

> "That on or about the first day of June, in the year nineteen hundred and sixteen, the plaintiffs were engaged in the business of buying and selling oils, gasoline and oil products, and were building for themselves and had built for themselves an extensive and profitable business, and that they were then buying their oils, gasoline and oil products in the open market, but mostly from Sherwood Brothers, in the City of Baltimore; and that the defendants, for the purpose of materially interfering with the business of these plaintiffs, and with the intent to defraud them of their said business, and in furtherance of a conspiracy on the part of the said defendants to monopolize, interfere with and take away the business of these plaintiffs, approached the plaintiffs and fraudulently induced them to stop dealing with the said Sherwood Brothers and others and to deal exclusively with the said defendants upon the false and fraudulent pretense and assurance that the said defendants would supply all the requirements of the plaintiffs for at least five years; and the said defendants, in furtherance of their scheme to interfere with and monopolize and take away the business of the plaintiffs, fraudulently induced the plaintiffs to buy oils, gasoline and oil products from the defendants; and the defendants falsely and fraudulently pretended that they would sell, and assured the plaintiffs that they would sell to them as much of these oils, gasoline and oil products as the plaintiffs might then and there need or require in their business, or might thereafter at any time during the ensuing five years require in their said business whatever the quantities might be; and that the said defendants induced the plaintiffs in furtherance of said conspiracy and scheme as aforesaid to

stop purchasing oils, gasoline and oil products from everybody except the said defendants; and that the said defendants induced the plaintiffs to extend their business and to purchase property and erect thereon large tanks and to purchase additional equipment and trucks and vehicles, and induced the plaintiffs to establish a large and profitable business, and that the plaintiffs thereupon purchased property and erected thereon said large tanks and purchased additional equipment and trucks and vehicles and did establish a very large and profitable business, and that all of said improvements were made and all of said expenses were incurred with the full knowledge and at the instance of the said defendants, and that these expenditures amounted to about fifty thousand dollars ($50,000); and that the said plaintiffs continued to build up and increase their business; and after the said plaintiffs, with unusual skill and industry and attendance upon their business, had built up and established and enlarged their said business till it became a considerable one and was ripe for the monopoly of the said defendants, the said defendants, in furtherance of their scheme and conspiracy to interfere with and monopolize and take away the business of the said plaintiffs, without any just cause or reason of any kind or character, immediately and without notice cut off their supply of oils, gasoline and oil products, and commenced and continued to serve directly the customers of the said plaintiffs; and that the plaintiffs had secured a large number of customers and had built up a large business; and that the said defendants, in furtherance of their scheme and artifice and conspiracy aforesaid, broke up the business of the plaintiffs and took over said business to themselves and served the customers of the plaintiffs; and that the business of the plaintiffs thus became lost to them and their plant comparatively valueless by reason of the conspiracy and wrong aforesaid; and that the said defendants, in furtherance of the said scheme and conspiracy, waited till it was rendered by the fraud of

said defendants impossible for the plaintiffs to procure oils, gasoline and oil products in the open market, and then ruthlessly shut down on the plaintiffs, although said defendants had ample supplies, and took over their business and customers in furtherance of the said conspiracy; and that as the result of said fraudulent conspiracy and artifice and scheme, and as the result of said material and wrongful interference on the part of the defendants with the business of the plaintiffs, and that as the result of the tortious taking away and monopolizing of the business and customers of the plaintiffs by the defendants, the said plaintiffs have been greatly damaged and injured and ruined."

The second count is somewhat similar to the first, except that it charges a joint interference with and destruction of the plaintiffs' business.

The defendants pleaded separately to the declaration, for a first and second plea, *non assumpsit;* third, that they never pretended or assured as alleged, and for a fourth plea, that, except as employees of the corporation defendant, they never had any business transactions or relations with the corporation defendant or with the plaintiffs or any connection with the oil business; that they never promised, pretended or assured the plaintiffs that for five years or any other period they or the corporation defendant would supply all of the requirements of the plaintiffs or sell to the plaintiffs as much oils, gasoline or oil products as the plaintiffs might require in their business; that they never supplied or promised, pretended or assured the plaintiffs that they would supply the plaintiffs any oil, gasoline or oil products; and that they never, with intent to interfere with, monopolize or take away the business of the plaintiffs or otherwise, caused the corporation defendant to cease supplying or fail or refuse to supply the plaintiffs with oils, gasoline or oil products. And the defendant never ceased supplying, or failed or refused to supply, the plaintiffs with oils, gasoline or oil products with-

out notice, or with an intent to interfere with, monopolize or take away the business of the plaintiffs, or while it had ample supplies or at any time except when on account of the needs and demands of the United States Government and other business conditions resulting from the war, it was without ample supplies and deemed it necessary or advisable, in the public interest and in its own interest, so to do.

To these pleas of the defendants the plaintiff demurred, upon the ground that they were bad in substance and insufficient in law, and the court held that the demurrer, mounting up to the first error in pleading, should be sustained because the declaration did not set forth or state a good cause of action.

The general principles of law which must control in the decision of this case, have been established by a number of cases in this State.

In *Kimball* v. *Harman,* 34 Md. 407, it is said, "the foundation or gist of a civil action on the case for conspiracy is the actual damage sustained by the plaintiff. Some right of his must be violated, and damage must result therefrom as the direct and proximate consequence; otherwise, the action cannot be sustained."

In *Debnam* v. *Simonson,* 124 Md. 358, it was held that "the mere fact that the plaintiff has suffered damage or has lost an opportunity to profit financially because of his failure to consummate his plans," does "not in itself give him the right of recovery from the defendants for the damage sustained by him. The act must be of such a character as to create an actionable wrong before the right of recovery against the defendant exists, and to create an actionable wrong the legal rights of the plaintiff must in some way be invaded. There must be a violation of a legal right committed knowingly to create a cause of action."

In *Knickerbocker Ice Company* v. *Gardiner Dairy Company,* 107 Md. 556, the authorities on the subject are reviewed and the court said: "It may be safely said that if

wrongful or unlawful means are employed to induce a breach of a contract and injury ensues, the party so causing the breach is liable in an action of tort."

In the present case, we agree with the court below that the declaration does not state a good cause of action and the demurrers were properly sustained.

The declaration in the case at bar does not show or allege any violation by the defendants of any legal right of the plaintiffs constituting a good or sufficient cause of action for which an action would lie.

There is no breach of contract alleged, nor any allegation that the defendants agreed to sell oils and oil products to the plaintiffs. While the words fraud and fraudulent are used in the declaration, there are no facts alleged which would constitute an action for fraud or deceit. If the plaintiffs had a contract with the Standard Oil Company to supply it with oils and oil products, and the company failed to comply with the requirements of the contract, then they would clearly be liable for a breach of the contract, but if they had no such contract, then the defendant cannot be held liable for exercising its legal right to select its own customers by selling to consumers and by refusing to sell to the plaintiff. *Byrd v. Rautman,* 85 Md. 414; *Reynolds v. Evans,* 123 Md. 365 *Boulden v. Stillwell,* 100 Md. 556; *Bucher v. Federal Baseball Club,* 130 Md. 635; *Knickerbocker Co. v. Gardiner Dairy Co.,* 107 Md. 556; *Debnam v. Simonson,* 124 Md. 354.

Being of opinion that the declaration in this case does not set out a legal and a sufficient cause of action to maintain this suit, the judgment on the demurrers, in favor of the defendants for costs must be affirmed.

*Judgment affirmed, with costs.*