COLUMBIA REAL ESTATE TITLE INSURANCE
COMPANY ET AL. v. GRACE CARUSO ET AL.

[No. 972, September Term, 1977.]

*Decided April 14, 1978.*

The cause was argued before GILBERT, C. J., and LISS and COUCH, JJ.

*Michael A. Schuchat* for appellants.

*Alfred G. Graf,* with whom was *Karl M. Dollak* on the brief, for appellee Grace Caruso. *William Bogen* for other appellee.

COUCH, J., delivered the opinion of the Court.

Appellants, Columbia Real Estate Title Insurance Company and National Permanent Federal Savings and Loan Association, filed an action in the Circuit Court for Montgomery County against Grace Caruso and Mary Hollander, appellees, in which they asked the court to vacate a confessed judgment previously entered in favor of Caruso against Hollander, to enjoin the enforcement of the confessed judgment, and for certain damages. The basis for such relief, as alleged by appellants, was a conspiracy between appellees to defraud appellants of their interest in certain property located at 2815 Brandywine Street, Washington, D. C. Appellees demurred to appellants' third amended bill of complaint, and the trial court (Shearin, J.) sustained the demurrer without leave to amend.

Appellants appealed to this Court, presenting two questions:

> "1. Whether the Complaint states a claim upon which relief can be granted which alleges that defendants collusively entered into a plan of action and conspiracy to defraud plaintiffs by the entry of a confess [sic] judgment for defendant 1 against defendant 2, where defendant 2 did not owe defendant 1 the money and where it was agreed that the judgment would not be used against property of defendant 2 but only against property formerly owned by defendant 2 to defeat the prior rights of plaintiffs in the property.
>
> "2. Whether appellants should have been granted leave to amend if the complaint was inartfully drawn by stating what were deemed legal conclusions rather than specific factual allegations."

In reviewing the propriety of the lower court's action in sustaining a demurrer, we must keep two rules steadfastly in mind. First, a demurrer may not introduce and rely upon facts not already in the record. *Beach v. Mueller,* 32 Md. App. 219, 359 A. 2d 232 (1976). Second, and most importantly, we

must assume the truth of all *well-pleaded facts* in the bill of complaint, as well as inferences which may be reasonably drawn from those well-pleaded facts. *Hall v. Barlow Corp.,* 255 Md. 28, 42, 255 A. 2d 873, 880 (1969).

Appellants' bill of complaint, eliminating all conclusions and facts not well-pleaded, essentially alleges the following:

1. Hollander owned a piece of real estate at 2815 Brandywine Street, N. W., Washington, D. C., and conveyed it, in 1970, to her husband's nominee;

2. In 1973 National Permanent made a loan to some person, unidentified in the record, and this loan was secured by a first deed of trust on the 2815 Brandywine Street property. The deed of trust was duly recorded in the District of Columbia.

3. Columbia insured the validity of the title of National Permanent.

4. Caruso sued Hollander in the Circuit Court for Montgomery County on a confessed judgment note in 1975.

5. Hollander immediately confessed judgment in that action.

6. Hollander, at this time, was not a resident of Maryland.

7. Hollander and Caruso agreed that Caruso would enforce the confessed judgment only against the 2815 Brandywine Street property, previously owned by Hollander.

8. Pursuant to this agreement, Caruso and Hollander agreed that Caruso would bring an action in the District of Columbia to have the 1970 conveyance by Hollander set aside, enabling Caruso to obtain a lien on the property with first priority.

9. Caruso filed the action to set aside the conveyance, which is being defended by Columbia in compliance with the terms of its contract with National Permanent.

10. Columbia is suffering some damage by having to defend the suit brought by Caruso in the District of Columbia.

11. If the District of Columbia suit succeeds, there may be damages to both appellants in the future.

Assuming these facts to be true, the question for our consideration is whether they form the basis for a cause of

action on which relief may be granted. We do not believe that they do, and will affirm the court below.

This case presents the factual situation of a person, not a party to an action at law, attempting to have the judgment in that action set aside. The non-party is not attempting to intervene in that action, but has filed a separate bill in equity to set aside, and enjoin enforcement, of that judgment.

Restatement of Judgments, § 112, provides:

> "Equitable relief from a judgment may be given by means of a proceeding brought to obtain such relief . . . ."

There is authority in Maryland that such a suit may be brought in equity to set aside a judgment at law by a party to the judgment. *Gotham Hotels, Ltd. v. Owl Club,* 26 Md. App. 158, 337 A. 2d 117 (1975); *Schwartz v. Merchants Mortgage Co.,* 272 Md. 305, 322 A. 2d 544 (1974); *Taylor v. Mallory,* 76 Md. 1, 23 A. 1098 (1892). The Maryland cases have identified only one ground for such a suit — extrinsic fraud. Section 112 of the Restatement identifies two additional areas in which relief might be granted. The first is where the judgment is void. The second is where procedural rules or difficulties in the forum court prevent a party from presenting a defense to a claim against him. Restatement of Judgments, § 112, Comment b.

Restatement of Judgments, § 115, provides:

> "(1) Any person whose interests have been adversely affected by a judgment, and only such a person, may be entitled to equitable relief."

Section 115 makes the § 112 format, an action in equity, available to non-parties to suit, if those non-parties "have been adversely affected" by the judgment. Clearly the "adversely affected" criterion is a prerequisite in the nature of a standing requirement. If this "standing" requirement is satisfied, a suit at equity is available to set aside a judgment at law by a non-party to the judgment. *See Lieberman v. Aetna Ins. Co.,* 249 Cal. App. 2d 515, 57 Cal. Rptr. 453 (1967); *Bannock Title Co. v. Lindsey,* 86 Idaho 583, 388 P. 2d 1011 (1963).

In *Martin v. Jewell,* 37 Md. 530 (1873), the mortgagee, Martin, sought equitable relief against judgments entered in favor of Jewell against the mortgagor, Smith. The relief sought was to set aside the judgments and enjoin the execution on the judgments, which was being asserted against the mortgaged property. The court held that Martin was not entitled to equitable relief in setting aside the judgments between Smith and Jewell, because the judgments "are entirely between Smith and Jewell, and he, the appellant, is not in any manner liable under them." 37 Md. at 535. The court did allow Martin to seek an injunction to protect the mortgaged property from execution, on a showing of irreparable harm.

We believe *Martin* to be consistent with the principles enunciated in Restatement of Judgments, § 115. Section 115 allows equitable relief only where the non-party is adversely affected. Clearly in *Martin* the judgment standing alone, which merely ascertained the legal existence of the debt and enabled execution on *any* property, did not adversely affect Martin, the mortgagor. Jewell *could* have executed against property belonging to Smith, in which Martin had no interest. However, when execution was asserted against the mortgaged property, Martin was adversely affected and thereby entitled to seek equitable relief against the execution of that judgment.

The prototype case wherein the non-party may seek to have a judgment set aside is where the non-party is contractually liable to the defendant party for any judgment against that party. In such case, the rendition of the judgment of itself has an adverse effect on the non-party, and § 115 of the Restatement, Comment b, would allow such a non-party to seek to have the judgment set aside. That is not the type of factual situation presented by appellants' bill of complaint.

The case at bar presents a situation best compared to *Martin,* with respect to the holding of that case concerning the mere rendition of the judgment. The existence of the confessed judgment between Caruso and Hollander has *of itself* no adverse effect on the property rights of appellants. As alleged by appellants, National Permanent's deed of trust

interest in the subject property stands or falls on the suit filed in the District of Columbia to rescind the conveyance of the property from Hollander to Hollander's vendee, who may be National Permanent's grantor. If the outcome of that suit is unfavorable to Columbia — rescission is decreed — then National Permanent's loan to the unidentified person is no longer secured by a valid deed of trust on that property. *Bond v. Crawford,* 193 Va. 437, 69 S.E.2d 470 (1952); *Harrison v. Mary Bain Estates,* 2 Misc. 2d 52, 152 N.Y.S.2d 239, *aff'd,* 2 App. Div.2d 670, 153 N.Y.S.2d 552 (1956); *Gladowski v. Felczak,* 346 Pa. 660, 31 A. 2d 718 (1943). The invalidity of National Permanent's deed of trust if rescission is decreed holds true whether Hollander holds the reacquired property free of liens or, as the appellants allege, is subject to Caruso's judgment lien.

On the other hand, if the outcome of that suit to rescind is favorable to appellants — rescission is not decreed — title to the property remains in National Permanent (or its mortgagor) and Caruso's judgment against Hollander cannot provide a lien against the property at all. *Md. Code* (1974), Courts and Judicial Proceedings Article, § 11-402; *Eastern Shore Bldg. & Loan Corp. v. Bank of Somerset,* 253 Md. 525, 531, 253 A. 2d 367, 371 (1969).

Clearly then, appellants have alleged no factual basis showing an adverse effect by the confessed judgment between Caruso and Hollander on appellants' rights in the property. Therefore, taking their allegations as true, they have alleged no facts, or inferences drawable from those facts, entitling them to the equitable relief of either setting aside the confessed judgment or enjoining the use and enforcement of that judgment.

Appellants have also asserted a claim based on the facts as alleged, for damages. The basis for the damages claim is an alleged conspiracy between Caruso and Hollander to defraud appellant National Permanent of its mortgage interest in the property. The elements necessary to maintain a civil action for conspiracy were delineated by the Court of

Appeals in *Van Royen v. Lacey,* 262 Md. 94, 277 A. 2d 13 (1971):

> "It would appear to be well settled law in this State that a conspiracy, standing alone, is not actionable. In order for a civil action for conspiracy to be maintained, there must be, in addition to a confederation of two or more persons, (1) some unlawful act done in furtherance of the conspiracy, and (2) actual legal damage resulting to the victim-plaintiff."

262 Md. at 97, 98, 277 A. 2d at 14.

"In this state it makes no difference what the conspirators' motives may be, if their acts are not unlawful." *Miller v. Preston,* 174 Md. 302, 199 A. 471 (1938). Therefore, unless appellants have alleged some unlawful act on the part of the appellees, their action for conspiracy cannot be maintained, even though the appellees have an intent to defraud the appellants.

An "unlawful act" as required to be alleged and proven to recover in a civil action for conspiracy is not necessarily a criminal act. In *Van Royen,* "unlawful act" was held to include a conveyance of property in defraud of creditors. *Md. Code* (1974), Commercial Law Article, § 15-207. As was said in *Knoche v. Standard Oil Co.,* 138 Md. 278, 282, 113 A. 754, 755 (1921):

> "The act must be of such a character as to create an actionable wrong before the right of recovery against the defendant exists, and to create an actionable wrong the legal rights of the plaintiff must in some way be invaded. There must be a violation of a legal right committed knowingly to create a cause of action."

*Goldman v. Building Ass'n.,* 150 Md. 677, 683, 133 A. 843 (1926); *Debnam v. Simonson,* 124 Md. 354, 92 A. 782 (1914). Thereafter, in discussing the demurrer of the plaintiffs in *Knoche* in terms of a conspiracy to defraud, the court found:

> "While the words fraud and fraudulent are used in the

declaration, there are no facts alleged which would constitute an action for fraud or deceit."

138 Md. at 283, 113 A. at 756.

Apparently then, "unlawful act" connotes a tort, or breach of contract, or other *actionable* wrong. An action for fraud or deceit requires averment and proof of five elements: 1) a false representation to the plaintiff, 2) that the falsity of the representation be either known to the defendant or be made in reckless disregard of the truth, 3) that the representation be made with the intent of defrauding the plaintiff, 4) that the plaintiff had a right to rely on the representation and did rely, and 5) that the plaintiff was damaged. *Appel v. Hupfield,* 198 Md. 374, 84 A. 2d 94, 95-6 (1951).

Appellants have alleged no false representation made to them by appellees. Therefore, they have failed to allege an actionable wrong in respect to fraud.

In *Bachrach v. United Cooperative,* 181 Md. 315, 29 A. 2d 822 (1943), the Court of Appeals defined "fraud," as the term is used in equity, to:

"... include[s] all acts, omissions and concealments which involve a breach of legal or equitable duty, trust or confidence justly reposed. ..."

181 Md. at 322, 29 A. 2d at 826. While this definition is broader than the definition as used at law,[1] appellants have failed to allege a "legal or equitable duty, trust or confidence justly reposed" owed to them. Appellants do not allege in their complaint a duty or breach of duty on the part of appellees with respect to appellants.

Accordingly, appellants failed to allege sufficient facts to state a cause of action on which relief could be granted, and the demurrer was properly sustained.[2]

---

1. That is, the definition as formulated in Appel v. Hupfield, *supra,* which gives rise to an action for deceit. "An intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing. ..." *Black's Law Dictionary* (4th Ed.)

2. Because we find no "unlawful act", we need not consider whether the costs of having to defend the District of Columbia law suit would constitute damages within the meaning of *Van Royen.*

Appellants' last contention is that they should have been granted leave to file a fourth amended bill of complaint. The answer to this contention is that we cannot find in the record any request by appellants that they be granted such relief. Admittedly, the trial court stated that it felt appellants would not be able to successfully amend the complaint and, on that basis, sustained the demurrer without leave to amend. We recognize that leave to amend shall be freely granted in order to promote justice, but there must also be an end to litigation. *See Earl v. Anchor Pontiac*, 246 Md. 653, 229 A. 2d 412 (1967). We do not feel there are special circumstances involved here that, to promote justice, require us to remand to allow appellants to file another amended bill of complaint.

*Judgment affirmed.*
*Appellants to pay costs.*