# Richmond

## SAMUEL A. GALLOP AND JAMES RIDDICK
## v. WILLIAM M. SHARP.

March 2, 1942.

Record No. 2489.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*James G. Martin & Son*, for the plaintiffs in error.

*Drewry & Cromwell* and *Ernest S. Merrill*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

William M. Sharp instituted this action in trespass on the case to recover damages against Samuel A. Gallop, James Riddick, and Local No. 984, International Longshoremen's Association, an unincorporated association, for conspiracy. The declaration was in five counts; but a demurrer was sustained as to the second, third, and fourth counts.

The first and fifth counts of the declaration alleged that the defendants had wrongfully and unlawfully conspired to

expel Sharp from Local No. 984 of the said Association and by their conspiracy procured and produced false testimony against the plaintiff before the trial board of the Local, a labor union, which caused him to be expelled as a member and thereby lose his employment and income as a longshoreman. The last count, in addition, alleged that by reason of the conspiracy a prejudiced and biased trial board was named.

The defendants pleaded not guilty. After hearing the evidence and the instructions of the court, the jury returned a verdict against all of the defendants, fixing the damages at $1500. The court set aside the verdict as to Local No. 984, and entered judgment in its favor, but refused to do so as to Gallop and Riddick, who thereupon obtained this writ of error.

The evidence was in sharp conflict. That of the plaintiff tended to support his allegations. The defendants' evidence, in terms, denied and contradicted all of the pertinent and material testimony of the plaintiff's witnesses.

Since the jury resolved the conflict in favor of the plaintiff, we require only a brief resume of the evidence for the purpose of discussing the propriety of the instructions given to the jury by the trial court.

Sharp, Gallop, and Riddick were negro members of Local No. 984. Riddick was president of the Local; Gallop was its business agent; and Sharp chairman of its board of trustees.

Sharp was found guilty by the trial board of the Local of violating provisions of its constitution and by-laws, providing that none of its members should become interested in a dual or competitive union, and expelled as a member.

The seven negro members of the trial board unanimously testified that the trial was fair and honest, three of them stating that Sharp was found guilty because of his own admissions of guilt. On Sharp's appeal to the parent organization, his expulsion was affirmed.

Instruction P-1-B, granted over the objection of the defendants, reads as follows:

"The Court instructs the jury that if they believe from the evidence that the defendants, Gallop and Riddick, entered into an agreement and conspiracy each with the other and

with others whereby they undertook to coerce and by false evidence to persuade the Longshoremen's Union, No. 984 to expel the plaintiff and thereby deprive him of the right to work as a longshoreman, then the Court instructs you that such agreement and conspiracy was unlawful and you should find for the plaintiff, against all of the defendants, if you believe that all of the defendants participated in the conspiracy."

The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means. In other words, the basis of the action is the wrong which is done under the conspiracy and which results in damage to the plaintiff. No cause of action exists without the resulting injury, and the damage produced must arise as the effective result of the conspiracy. *Swartz et al.* v. *Kay et al.*, 89 W. Va. 641, 109 S. E. 822; 11 Am. Jur., Conspiracy, section 45; 15 C. J. S., Conspiracy, sections 6 and 21.

The vice in the above instruction is that it directs a finding against the defendants for the mere conspiracy, even though the conspiracy was not the cause of his expulsion from the union and the consequent loss of his employment. There was evidence that Sharp was expelled on his own admission of guilt. The instruction leaves this out of consideration.

So much of instruction P-2 as told the jury that, in computing the damages, they might "also take into consideration any injury done the feelings of the plaintiff by reason of his expulsion from the Local," is erroneous. The declaration contained no allegation of injury to the "feelings," and there was no evidence upon which this instruction could be based. It is conceded in the argument before us that the quoted portion of this instruction was erroneous, but it is contended that the error was harmless. In view of the substantial amount of the verdict and the circumstances of the case, we are unable to agree with this contention. We do know it was erroneous, but what effect it had on the jury we are unable to determine.

Instruction P-3-B is badly worded and too general in its terms. It should have more specifically referred to the conspiracy on the part of the defendants and the effectiveness thereof.

Not only was the evidence highly in conflict, but the character of several witnesses testifying for each of the parties was under severe attack.

It was peculiarly the province of the jury to consider the weight and quality of the evidence. Inasmuch as this case must be remanded for a new trial, we express no opinion as to its value.

For the error in the granting of instructions, the case is remanded for a new trial to be held in accordance with the views herein expressed.

*Reversed and remanded.*