GEORGE A. ESHBAUGH

V.

AMOCO OIL COMPANY

Record No. 840021

September 4, 1987

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Whiting, JJ., and Harrison, Retired Justice.

*John D. Sims (Cottingham & Sims,* on brief), for appellant.
*Robert M. Rolfe (David C. Mattax; Hunton & Williams,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we determine the accrual dates of causes of action for fraud and conspiracy to injure one in one's business.

On May 26, 1982, George A. Eshbaugh filed a motion for judgment against Amoco Oil Company (Amoco) seeking to recover damages for fraud and conspiracy to injure him in his business. Following Eshbaugh's opening statement at trial, Amoco moved for summary judgment. Amoco contended that under the facts as represented by Eshbaugh, his claims were barred by the statute of limitations. The trial court granted Amoco's motion and dismissed Eshbaugh's action. Eshbaugh appeals.

The trial court approved the following agreed statement of facts pursuant to former Rule 5:9(c) (now Rule 5:11(c)). Hornsby Oil Company (Hornsby), an Amoco distributor, owned certain real property on which a gasoline service station was located. Hornsby leased the property to Amoco, which in turn sublet it to Eshbaugh under a lease agreement containing an expiration date of July 31, 1977.

On May 6, 1977, Amoco advised Eshbaugh that it intended to offer him a new lease. On May 12, 1977, however, Amoco informed Eshbaugh that Hornsby would offer him a new lease and asked Eshbaugh to cancel his existing sublease with Amoco. Consequently, on May 12, Amoco obtained Eshbaugh's signature on an agreement cancelling the sublease effective May 31, 1977.

On May 19, 1977, however, Hornsby informed Eshbaugh that it would not offer him a new lease. Pursuant to the cancellation agreement with Amoco, Eshbaugh's sublease expired on May 31, 1977, and Hornsby ordered Eshbaugh to vacate the premises within 30 days thereafter. Eshbaugh vacated the premises on or about June 30, 1977.

Because Eshbaugh's causes of action arose before October 1, 1977, the statute of limitations in former Code § 8-24* controls. *See* Code § 8.01-256. The trial court concluded, and the parties agreed, that the applicable limitations period is five years from the date the cause of action accrued. We express no view as to the correctness of this conclusion. *But see House* v. *Kirby*, 233 Va. 197, 201, 355 S.E.2d 303, 306 (1987); *Pigott* v. *Moran*, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986). The trial court's ruling, however, is the law of the case, and we will decide only when the causes of action accrued.

An action for fraud accrues when the fraud is discovered, or when, by the exercise of due diligence, it should have been discovered. Former Code § 8-14; now Code § 8.01-249(1). *See Gilmore* v. *Basic Industries*, 233 Va. 485, 488, 357 S.E.2d 514, 516.

In the present case, the alleged fraud occurred on May 12, 1977, when Eshbaugh executed the cancellation agreement in reliance upon Amoco's alleged misrepresentation. Eshbaugh, however, did not discover the alleged fraud until May 19, 1977, when he learned that Hornsby would not give him a new lease.

Eshbaugh contends, nonetheless, that his *right* of action did not accrue until he sustained damages. He says he sustained no damages until June 30, 1977, when "he could no longer operate his station." We conclude, however, that Eshbaugh sustained damages before he discovered the alleged fraud.

Eshbaugh's surrender of possession of the service station resulted from the sublease cancellation agreement. Thus, Eshbaugh changed his position in reliance upon Amoco's alleged misrepresentation when he signed the cancellation agreement on May 12, 1977. At that time, therefore, Eshbaugh suffered damages by agreeing to a shorter leasehold period. Because Eshbaugh's fraud action was brought more than five years after May 19, 1977, the date he discovered the fraud, the trial court correctly ruled that the action was time-barred.

Eshbaugh's second cause of action alleges a conspiracy to injure him in his business in violation of Code §§ 18.2-499 and

---

* Code § 8-24 provides as follows:

    Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

-500. Eshbaugh correctly contends that a cause of action for conspiracy under Code § 18.2-500 accrues when one is "injured in his . . . business." *See, e.g., Gallop* v. *Sharp*, 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942) (cause of action for conspiracy accrues when the acts committed in furtherance of the conspiracy result in damage). Eshbaugh first sustained injury to his business on May 12, 1977, when he executed the cancellation agreement and gave up the balance of his leasehold term. At that time, Eshbaugh's business incurred *some*, if not all, the damages resulting from the alleged conspiracy. A right of action accrues when *any* damage, however slight, is sustained. *Stone* v. *Ethan Allen, Inc.*, 232 Va. 365, 369, 350 S.E.2d 629, 632 (1986). Accordingly, the trial court correctly concluded that the conspiracy action likewise was time-barred.

For these reasons, the judgment of the trial court will be affirmed.

*Affirmed.*

POFF, J., concurring in part and dissenting in part.

I agree that Eshbaugh's fraud action, filed more than five years after May 19, 1977, the date he discovered the fraud, was time-barred under the law of the case. I cannot agree that Eshbaugh was injured as of May 19, 1977, but Code § 8.01-249(1) unequivocally provides that the limitations period for fraud begins to run on the discovery date. *But cf. Keller* v. *Denny*, 232 Va. 512, 520, 352 S.E.2d 327, 332 (1987) (Stephenson, J., concurring) (statute of limitations that would bar action before injury occurred would unconstitutionally deprive a person of property without due process of law).

I dissent from the majority's conclusion that Eshbaugh's cause of action alleging a conspiracy to injure him in his business was filed too late. The majority contends that Eshbaugh's injury occurred on May 12, 1977 when he signed the cancellation agreement. The mere existence of a shorter lease term, however, did not injure Eshbaugh's business. Eshbaugh carried on his business in May expecting to continue under a new lease with Hornsby. His cause of action did not accrue on the date Eshbaugh signed the cancellation agreement because a portion of the alleged conspiracy was not yet fulfilled. *See Blackwelder* v. *Millman*, 522 F.2d

766, 776 (4th Cir. 1975) (applying Virginia law). It was completed when the cancellation agreement became effective without a replacement lease with Hornsby on May 31, 1977. On that date Eshbaugh's business sustained injury because Eshbaugh had lost his legal right to continue his business on the premises.

It is true that part of the alleged conspiracy to cause the injury had occurred earlier but, as the majority recognizes, a cause of action for conspiracy under Code § 18.2-500 accrues when the plaintiff incurs injury to his business.

> The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means. In other words, the basis of the action is the wrong which is done under the conspiracy and which results in damage to the plaintiff. No cause of action exists without the resulting injury, and the damage produced must arise as the effective result of the conspiracy.

*Gallop* v. *Sharp*, 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942) (citations omitted).

The five-year limitation on Eshbaugh's cause of action for conspiracy did not expire, at the earliest, until May 31, 1982. He filed his motion for judgment on May 26, 1982. Accordingly, I would affirm the trial court's judgment on the fraud count but reverse the judgment and remand the case for a trial on the conspiracy count.