44

## CIRCUIT COURT OF FAUQUIER COUNTY

Citizens for Fauquier County

v.

SPR Corp.,
Stefano Parlagreco,
and Thomas A. Greenland

March 27, 1995

Case No. (Law) CL94-40

By Judge Thomas D. Horne

This case is before the Court on a demurrer to the Plaintiff's single count motion for judgment alleging a civil conspiracy by the Defendants. It suggests that they conspired to maliciously file and prosecute federal and state claims against the Plaintiff, knowing that such actions lacked a factual predicate. The following allegations of fact are contained in the Motion for Judgment and, under familiar principles, must be taken as true on demurrer.

Both the Plaintiff and the Defendant, SPR, are Virginia corporations. Messrs. Parlagreco and Greenland are residents of Fauquier County and shareholders of SPR.

The Plaintiff alleges that the Defendants unlawfully conspired to file against it both federal and state lawsuits. These actions were commenced in December, 1990, with the filing of claims against both the instant Plaintiff, Citizens for Fauquier County (CFFC), as well as others. CFFC is an entity whose purpose is to make known its views on matters of public interest in Fauquier County. Earlier in that year, CFFC had undertaken to oppose a venture between SPR and the County of Fauquier.

The undertaking by SPR and the County of Fauquier involved the development and rental of office space by SPR for use by the County. Defendants alleged in their federal and state claims that CFFC and others had, in the course of pursuing their objectives, conspired to interfere with contractual relations, conspired to harm business, and otherwise hindered

SPR, Parlagreco, and Greenland in their venture, thereby causing them injury.

On February 1, 1991, the United States District Court dismissed with prejudice all claims filed by SPR, Parlagreco, and Greenland then pending in that court. A notice of appeal was subsequently filed and ultimately dismissed voluntarily. On September 24, 1992, SPR, Parlagreco, and Greenland nonsuited the state court action.

In a prior action before this Court, the instant Plaintiff sought relief against these Defendants for having filed the federal and state court suits. It alleged in Law No. CL92-362, filed December 11, 1992, that the instant Defendants had maliciously prosecuted both the federal and state court actions, conspired to injure the Plaintiff by such malicious prosecutions, and had conspired to injure the Plaintiff in its business and reputation under Virginia Code §§ 18.2-499 and 18.2-500.

Defendants' demurrers to the first, second, and fourth counts of the Motion for Judgment in Law No. CL92-362 were sustained, although the Plaintiff was granted leave to replead. The Court overruled the demurrer to the civil conspiracy count as to each of the Defendants. Although the Defendants' demurrers to an Amended Motion for Judgment were again sustained as to the first, second, and fourth counts, the demurrers to the civil conspiracy count against each of the Defendants in the present case were again overruled.

On August 9, 1993, the Court entered an order of nonsuit as to the remaining civil conspiracy count alleged against SPR, Parlagreco, and Greenland in Law No. CL92-362. Plaintiff appealed the adverse ruling of the trial court as to the three counts to which a demurrer was sustained. Finding no error, the Supreme Court denied review of the action of the trial court. Thus, for purposes of determining the merits of the instant demurrer, the Court will treat as final the rulings adverse to the Plaintiff as to its claims of malicious prosecution of the federal and state lawsuits and of statutory conspiracy. The Plaintiff filed the Motion for Judgment in the instant action on February 8, 1994.

In this case, Law No. CL94-40, the Plaintiff, in a single count motion for judgment alleging civil conspiracy by the Defendants, seeks a judgment, jointly and severally, in the amount of $400,000.00 in compensatory damages and $1,000,000.00 in punitive damages.

On June 13, 1994, the Defendants filed a demurrer to the motion for judgment, asserting that the suit does not state a cause of action against the Defendants. A fair reading of the pleadings and memoranda evidences the

following theories in support of the defendants' demurrer: (1) that Plaintiff has failed to state a claim for civil conspiracy against them because Parlagreco and Greenland pursued the lawsuits as shareholders of SPR and not in their individual capacities; (2) that as officers, directors, and shareholders of SPR Corporation, Parlagreco and Greenland cannot as a matter of law conspire with the corporation; (3) that the Circuit Court of Fauquier County, in Law No. CL92-362, ruled that, as a matter of law, the filing of the lawsuits by these Defendants were not acts of malicious prosecution, and consequently, *res judicata* would serve as a bar to the present claims; (4) that the Plaintiff does not allege an unlawful act or unlawful means to perform a lawful act as a conspiratorial goal which would support a claim of civil conspiracy under Virginia law; and (5) that § 8.01-271.1 of the Code of Virginia is not an actionable "wrong" that would support a claim of civil conspiracy.

After consideration of the memoranda of law filed with the Court and the argument of counsel, and for the reasons hereinafter stated, the Court finds that Plaintiff has not sufficiently stated a cause of action for civil conspiracy and will sustain the demurrer.

In ruling on a demurrer, the Court may consider facts expressly alleged, facts fairly inferred from facts alleged, and facts impliedly alleged. *Rosillo v. Winters*, 235 Va. 268 (1988). A review of the pleadings would suggest there are factual issues raised by the first two grounds stated above which cannot be resolved on demurrer.

The Defendants contend that the doctrine of *res judicata* is applicable to the instant claim as a result of the ruling of the trial court on the instant Plaintiff's prior claims. The doctrine of *res judicata* only applies if the judgment in the first claim goes to the merits of the case. *Hosier v. Hosier*, 221 Va. 827 (1981). A decision on an issue of law on a demurrer is a decision on the merits and constitutes *res judicata* as to any other proceedings where the same parties and the same issues are involved. *Gimbert v. Norfolk Southern R. Co.*, 152 Va. 684 (1929). In order for *res judicata* to apply, however, the same parties (or parties in privity) must be involved in the same cause of action in both claims, in addition to the requirement that the first claim must have been finally adjudicated. See, e.g., *Dotson v. Harman*, 232 Va. 402 (1986); *K & L Trucking Co. v. Thurber*, 1 Va. App. 213 (1985); *Allstar Towing, Inc. v. City of Alexandria*, 231 Va. 421 (1986); *Faison v. Hudson*, 243 Va. 413 (1992).

In determining whether two claims constitute the same cause of action, the Supreme Court of Virginia has looked to two factors: the nature of the

relief sought and the elements of proof. See, e.g., *Wright v. Castles*, 232 Va. 218 (1986); *Bernau v. Nealon*, 219 Va. 1039 (1979).

In the present case, the Court is of the opinion that the causes of action alleged in the first claim and the second claim are substantially different. The prior claim for malicious prosecution failed to state a claim of special injury. This failure to plead special injury was fatal to Plaintiff's earlier action for malicious prosecution.

The instant claim for conspiracy is not dependent upon malicious prosecution as the actionable wrong through which the conspiracy acted and caused damage to the Plaintiff. Plaintiff alleges a civil conspiracy based on the "unlawful" filing of a lawsuit under Virginia Code § 8.01-271.1, Code of Virginia.

A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act or to use unlawful means to do an act which is lawful. *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 402 (1985). Said another way, a civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object or a lawful object by unlawful or oppressive means. *Bull v. Logetronics, Inc.*, 323 F. Supp. 115 (E.D. Va. 1971).

Virginia Code § 8.01-271.1 provides that sanctions shall be imposed by the Court upon attorneys and/or parties who file with the court a pleading, motion, or other paper which, after reasonable inquiry, is not well-grounded in fact, or is interposed for improper purposes, such as to harass or cause unnecessary cost in litigation.

In determining whether the allegations, on their face, constitute a cause of action for civil conspiracy in Virginia, two questions must be asked: (1) has the Plaintiff alleged an unlawful act or unlawful means to perform a lawful act as a conspiratorial goal supporting a claim of civil conspiracy as a cause of action under Virginia law; and (2) may an action for civil conspiracy be maintained where § 8.01-271.1, Code of Virginia, is the basis of the alleged wrong?

As stated above, a civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act or to use unlawful means to do an act which is lawful. *Hechler* at 402. Thus, the Court must determine whether allegations based on a violation of Virginia Code § 8.01-271.1 describe an "unlawful act" or the "use of unlawful means to do an act which is lawful."

The Court finds, as logic dictates, that violating § 8.01-271.1 is unauthorized by Virginia law and that such a violation can fairly be construed

as "unlawful." The Court finds that the Plaintiff accordingly has not failed to allege an "unlawful act" or the "use of unlawful means to do an act which is lawful." The Court will not sustain a demurrer on this basis.

In determining whether or not the allegations state a cause of action for civil conspiracy, the Court must look to the allegations of the underlying wrong. As the Supreme Court has observed:

> The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means. In other words, the basis of the action is the wrong which is done under the conspiracy and which results in damage to the plaintiff. *Gallop v. Sharp*, 179 Va. 335 (1942).

Accordingly, the Court must rule whether or not an alleged violation of Virginia Code § 8.01-271.1 is a proper foundation upon which to base a claim of civil conspiracy.

The Supreme Court of Virginia has not set a standard setting forth the requirements for the underlying alleged wrong in a case of civil conspiracy. This Court has reviewed case law in other jurisdictions for guidance.

Courts have in some instances employed an analysis based on the culpability level of the underlying wrong in a civil conspiracy. In at least one jurisdiction, the underlying wrong in a civil conspiracy action must be an intentional tort or a crime. "To establish an underlying unlawful act in Pennsylvania, plaintiff must prove that the parties came together for the express purpose of committing either a criminal act or an intentional tort." *Advanced Power Systems v. Hi-Tech Systems*, 801 F. Supp. 1450, 1458 (E.D. Pa. 1992).

Other courts have ruled that a tort must have been committed as a result of a civil conspiracy for the conspiracy to be actionable. "Because no separate and distinct civil conspiracy tort exists, liability attaches only if one of the conspirators is liable for an underlying tort." *Riley v. Dow Corning Corp.*, 767 F. Supp. 735, 740 (M.D. N.C. 1991). "A claimant must plead specific wrongful acts which constitute an independent tort." *John's Insulation v. Siska Const. Co.*, 774 F. Supp. 156, 161 (S.D. N.Y. 1991). "Because [the plaintiff] has failed to state any tortious action, its conspiracy action must also fail." *Admiral Ins. v. Columbia Ins.*, 486 N.W.2d 351, 359 (Mich. App. 1992).

A less stringent standard, allowing for an underlying non-tortious "wrong," has been established in some jurisdictions. "To establish the 'wrongful act' element of civil conspiracy, [third-party plaintiff] must satisfy all the elements of a cause of action for some other tort or wrong." *General Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Calif.) "[A] cause of action for civil conspiracy cannot stand by itself but must rest upon the successful allegation of an underlying wrong." *Barney v. Aetna Cas. & Sur. Co.*, 230 Cal. App. 3d 981 (1986). "[Defendants] interpret the . . . elements of civil conspiracy to require allegations of an unlawful, overt act which must itself be independently actionable in tort. We disagree. Quoting American Jurisprudence 2d, this court in *Illinois Traffic Court Driver Improvement Educational Foundation v. Peoria Journal Star, Inc.*, 494 N.E.2d 939, 944 (Ill. App. 3 Dist. 1986), noted that "in a civil action based on a conspiracy, no cause of action can exist in the absence of an overt, tortious, or unlawful act committed in the furtherance of the conspiracy." (16 Am. Jur. 2d, *Conspiracy*, § 51. The conjunctive "or" in this passage indicates alternatives in a series and not, as defendants argue, cumulative requirements of the tort. Therefore, we hold that an alleged overt or unlawful act need not be tortious or otherwise actionable in tort to support a cause of action for civil conspiracy." *Vance v. Chandler*, 597 N.E.2d 233, 235 (Ill. App. 3 Dist. 1992). "Conspiracy is not itself actionable in the absence of an underlying wrongful act or tort." *Williams v. Mercantile Bank of St. Louis*, 845 S.W.2d 78, 85 (Mo. App. E.D. 1993).

An alternative dichotomy to that analysis is one based on the actionability of an underlying claim. "An act which does not constitute a basis for an action cannot serve as the basis for a conspiracy claim." *Czarnecki v. Roller*, 726 F. Supp. 832, 840 (S.D. Fla. 1989). "[T]he act (or means) need only be 'of such a character as to create an actionable wrong'." *Alexander v. Evander*, 596 A.2d 687, 700 (Md. App. 1991) (quoting *Knoche v. Standard Oil Co.*, 138 Md. 278, 113 A. 754 (1921). "To be actionable, a civil conspiracy must embody an underlying wrong which would be actionable in the absence of a conspiracy." *Connolly v. Labowitz*, 519 A.2d 138, 143 (Del. Super. 1986). "A conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy would give a right of action." *Palmer v. Westmeyer*, 549 N.E.2d 1202, 1207 (Ohio App. 1988). "Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done . . . in pursuance of a

conspiracy." *Id.* "Under Florida law, actionable civil conspiracy must be based on an existing independent wrong or tort that would constitute a valid cause of action if committed by one actor." *Williams Elec. Co. v. Honeywell, Inc.*, 772 F. Supp. 1225, 1239 (N.D. Fla. 1991).

In Virginia the dividing line has not been drawn expressly. Under the first analysis, which sets a standard according to the type of wrong, Virginia case law seems to indicate that a wrong, even though not a common law tort action, would form a proper underpinning in a claim of civil conspiracy. In *Hechler*, a civil conspiracy was defined as "an agreement or understanding between two or more persons to do an *unlawful* act or to use *unlawful* means to do an act which is lawful." *Hechler* at 402. The language in *Logetronics* does not indicate that "unlawful" might not include acts "unauthorized by law" which are not common-law torts or crimes. *Logetronics* at 134. There is no Virginia authority which would preclude a civil conspiracy claim under § 8.01-271.1 under this analysis.

Under the actionability analysis, however, Virginia law indicates that a claim of civil conspiracy may not be maintained using § 8.01-271.1. It is well-established Virginia law under *Gallop v. Sharp* that "the gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy," that "the basis of the action is the wrong which is done under the conspiracy and which results in damage to the plaintiff." *Gallop*, 179 Va. at 335, 19 S.E.2d at 84. This statement of the law is consistent with the actionability standard in that it requires focus on the underlying alleged wrong. Where there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong. For this reason, an action for conspiracy based upon malicious prosecution must fail, as any harm to the Plaintiff caused by such prosecution is barred by the actions of the trial court in the prior proceeding.

Prosser and Keaton also emphasize that the injury caused by the acts comprising the underlying wrong, not the mere combination of the actors in a conspiracy, is the heart of a civil conspiracy claim. "[S]ome act must be committed by one of the parties in pursuance of the agreement." Prosser and Keaton on Torts, 5th ed., *Joint Tortfeasors*, § 46 "Concerted Action." "The gist of the action is not the conspiracy charged but the tort working damage to the plaintiff." *Id.* (quoting *James v. Evans*, 149 F. 136, 140 (3d Cir. 1906)).

A motion made under § 8.01-271.1 is not itself an actionable claim in Virginia. It is a collateral proceeding to a substantive cause of action.

Federal jurisprudence regarding Rule 11 of the Federal Rules of Civil Procedure supports this position. Rule 11 is an analogous federal provision materially similar to Virginia's § 8.01-271.1. *See, Oxenham v. Johnson,* 241 Va. 281, 286 (1991). The Supreme Court of the United States has noted the collateral nature of the relief granted pursuant to Rule 11. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990).

A Virginia court has incorporated Rule 11 analysis in ruling on § 8.01-271.1. In *Covington v. Haboush,* 28 Va. Cir. 360 (1992), the Circuit Court of the City of Richmond was presented with the issue of whether Virginia Code § 8.01-271.1 can constitute a cognizable claim by itself. That Court ruled that the code section "is not a substantive right and cannot form the basis for a cause of action. Sanctions under § 8.01-271.1 have to be sought by motion in a pending action." *Id.* at 363. That Court cited *Cohen v. Lupo,* 929 F.2d 363 (9th Cir. 1991), wherein the Court of Appeals for the Ninth Circuit stated that Rule 11 is a rule of court and not a separately actionable substantive right and that there can be "no independent cause of action instituted for Rule 11 sanctions."

There being no cause of action for a claim under § 8.01-271.1, the Court rules that it may not be the foundation of a claim for civil conspiracy. A party seeking relief under § 8.01-271.1 may not bring a separate claim under that code section. Simply alleging a conspiracy to violate § 8.01-271.1 does not create an actionable claim. "Since the underlying . . . counts do not state a cause of action, the allegations that the acts constituting [the underlying wrong] were the result of the conspiracy cannot 'breathe life into a cause of action which was otherwise nonexistent'." *Williams v. Mercantile Bank of St. Louis,* 845 S.W.2d 179, 182 (Mo. App. 1986). The Court sustains the defendants' demurrer on this basis.