# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Casey et al.

v.

Zacharie et al.

December 20, 2007

Case Nos. CL07003189, CL07003190, CL07003191

By Judge Alfred D. Swersky

These matters are before the Court on Defendant Gibbs' Demurrers to the Complaints filed. The demurrers will be overruled in part and sustained in part and Plaintiffs will be granted leave to amend if they see fit.

Plaintiffs' complaints allege that the Defendant Gibbs along with another defendant "through a prior conspiracy, agreement and/or [sic] in a joint venture or enterprise, planned and committed to undertake a felony burglary of a business. . . ." (¶ 4, Complaint). Further, the complaints allege acts in furtherance of this conspiracy that the co-defendant was engaged in the burglary when he was arrested. Complaints allege that, after his arrest, the co-defendant attacked the Plaintiffs and assaulted and battered them. Nowhere is it alleged that Gibbs and the co-defendant conspired to commit the assault and batteries.

Gibbs demurs on two grounds. She argues that she had no duty to Plaintiffs to protect them from criminal conduct by a third person. *See, Yuzefovsky v. St. John's Woods*, 261 Va. 97, 540 S.E.2d 134 (2001). One of the exceptions to this rule is where there is a special relationship between either the plaintiff and defendant or between the third-party actor and the defendant and that special relationship creates a duty of care to the plaintiff.

Taking the factual allegations and all reasonable inferences flowing from the facts as true as the Court must (*see, Mattaponi Indian Tribe v. Commonwealth*, 261 Va. 366, 370, 541 S.E.2d 920 (2001)), the demurrer will be overruled on this ground. The allegations of the relationship of Gibbs with

her co-defendant as that of a co-conspirator and member of a joint enterprise or venture are sufficient for the Court to find that a special relationship creating a duty of care has been sufficiently pleaded.

However, the demurrers will be sustained as to the second ground asserted. Gibbs rightfully argues that, for there to be a recovery for damages arising out of a civil conspiracy, the underlying tort, the object of the conspiracy, must have been completed. *Almy v. Grisham*, 273 Va. 68, 639 S.E.2d 182 (2007).

The Virginia Supreme Court has said "The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use an unlawful means. *Gallop v. Sharp*, 179 Va. 335, 338, 19 S.E.2d 84 (1942). *See also CaterCorp. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993).

Here, there are no allegations of a conspiracy between Gibbs and her co-conspirator to commit the tort of assault and battery, the tort that the Plaintiffs allege was committed by the co-defendant. Absent such allegations or allegations sufficient to impose liability on Gibbs for the assaults and batteries, the demurrers must be sustained on this ground.

Mr. Warrington should prepare appropriate orders, noting the parties' objection and granting Plaintiffs' leave to file amended complaints within ten days of entry of the orders if they so choose.